[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
CT Page 4693ON MOTION FOR SUMMARY JUDGMENT
In this action plaintiff insurance company ("Arbella") seeks a declaratory judgment that it has no obligation to pay damages or provide a defense to defendant David Gloth, an insured under a homeowner's policy, in an underlying action brought against Gloth and others by Jeaninne Atkins. That action is summarized as follows.
In February, 1996 Atkins was hired by Gloth as rental agent and property manager for various apartment buildings owned by Gloth and various legal entities in which Gloth had an ownership interest. Atkins claims that Gloth instructed her not to rent apartments to families with children, and when she argued with him over this policy, he used verbal abuse and intimidation to force her to carry out this "no children" policy, subjected her to certain listed "intolerable" working conditions and fired her on April 7, 1996, allegedly for lack of work.
Count one alleges a violation of § 42 U.S.C. § 3617 in that Gloth and other defendants acted intentionally and maliciously to cause her to suffer various emotional damages and weight loss and deprived her of her right to assist families with children to enjoy equal housing opportunities. Count two sounds in intentional infliction of emotional distress and count three sounds in negligent infliction of emotional distress, based on substantially the same allegations.
Plaintiff now moves for summary judgment on its complaint on the grounds that the homeowner's policy between Arbella and Gloth (1) is limited to coverage for claims made because of bodily injury or property damage cased by an "occurrence" and no occurrence took place and (2) specifically excludes from coverage "all claims arising out of or in connection with a business engaged in by an insured.
-I-
A threshold question raised by defendants is whether this court has jurisdiction in this action because CFHC, the CT Page 4694 co-plaintiff in the underlying action is not a party to this action, but this question has been resolved by the subsequent joining of CFHC as a party.
-II-
The business exclusion provision of the policy is determinative of Arbella's duty to provide coverage or defense for Gloth in the underlying action by Atkins.
Gloth concedes in his brief that the claims in the underlying action "arose from [the] employment relationship" between him and Atkins. That employment relationship is directly related to his real estate business and is therefore unambiguously covered by the business exclusion in the policy. In addition to that exclusion, there is a specific exclusion under the personal injury coverage of the policy as follows:
 "Personal injury insurance does not apply to . . ." injury sustained by any person as a result of an offense directly or indirectly related to the employment of the person by the insured.
Gloth argues that the tort alleged to be committed by him in Count 3 — negligent infliction of emotional damage contains allegations against him which are independent of any relationship to his business, and is therefore not excluded by the business exclusion provisions of the policy. However, all of the allegations in the complaint are narrowly directed to Gloth while he was engaged in his real estate business, and none can be said to be unrelated.
Couch on Insurance 3d, West 1997 observes that in analyzing whether any specific activity is business related, a key question is could the claimed injury have been sustained even if the business was not involved? If so the case will generally fall outside the exclusion. Id., § 128.14, page 128-20.
Using this criteria, it is clear that all the torts alleged to be committed by Gloth could not have taken place except in the involvement of his real estate business.
Because of the business exclusion provision, the CT Page 4695 homeowners policy does not require Arbella to cover claims of damage sustained by Gloth in the Atkins suit, or to defend him in that suit.
In view of the foregoing it is unnecessary to consider plaintiff's additional claim that no "occurrence" took place within the meaning of the policy.
Since there is no question of material fact, plaintiff's motion for summary judgment is granted.
Jerry Wagner Judge Trial Referee